UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

STATE OF MINNESOTA,
by and through its Attorney General Keith
Ellison, CITY OF MINNEAPOLIS, and
CITY OF ST. PAUL,

        Plaintiffs,

  v.                            Civ. No. 26-cv-00190-KMM-DJF

KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of
Homeland Security; JOHN CONDON, in
his official capacity as Acting Executive      **[PROPOSED] ORDER**
Associate Director of Homeland Security
Investigations; U.S. Department of
Homeland Security; TODD LYONS, in
his official capacity as Acting Director of
U.S. Immigration and Customs
Enforcement; MARCOS
CHARLES, in his official capacity as
Acting Executive Associate
Director, Enforcement and Removal
Operations; U.S. Immigration and
Customs Enforcement; RODNEY
SCOTT, in his official capacity as
Commissioner of U.S. Customs and
Border Protection; U.S. Customs and
Border Protection; GREGORY BOVINO,
in his official capacity as Commander of
the U.S. Border Patrol; U.S. Border
Patrol; DAVID EASTERWOOD, in his
official capacity as Acting Director, Saint
Paul Field Office, U.S. Immigration and
Customs Enforcement,

        Defendants.

This matter came before the Court on the motion for a temporary restraining order filed on behalf of Plaintiffs State of Minnesota, by and through its Attorney General Keith Ellison, the City of Minneapolis, and the City of St. Paul (collectively, "Plaintiffs"). Based on the parties' submissions and the entire record, Plaintiffs' motion is **GRANTED.** The Court **ORDERS** as follows:

1. Operation Metro Surge is declared unconstitutional and unlawful.

2. Defendants, and their officers or agents (the "Federal Agents") are temporarily enjoined in Minnesota from:

    a. Continuing Operation Metro Surge or any other similar action in Minnesota, over the objection of the Governor of Minnesota and Mayors of Minneapolis and Saint Paul.

    b. From implementing the unprecedented surge in Minnesota or any other similar action in Minnesota.

    c. From implementing the unprecedented surge in Minnesota at sensitive locations and in other unlawful ways that interfere with Plaintiffs' ability to ensure the health, education, and safety of their residents with their reserved police powers, that coerce state and local officials into carrying out Defendants' enforcement efforts, and that violate state law and city ordinances.

    d. From engaging in the unlawful actions described in this Complaint, and are specifically prohibited from:

        i. Arresting or threatening to arrest any person who is not subject to a lawful immigration arrest unless there is probable cause to believe the individual has committed a crime;

        ii. Threatening or using physical force, including brandishing weapons, against any person who is not subject to a lawful immigration arrest where such threat or force is not reasonably necessary to stop an immediate and serious threat of physical harm to a law enforcement officer or another person and there is not reasonable suspicion or

probable cause that the person subject to force or threatened with force has committed a crime;

iii. Dispersing individuals engaged in First Amendment-protected activity with physical force. Defendants may ask an individual engaged in First Amendment-protected activity to change location to avoid disrupting law enforcement, as long as the instructions are clear and the individual has time to comply and sufficient opportunity to observe and exercise his or her First Amendment rights;

iv. Pointing firearms at individuals who are not posing an immediate threat of death or serious bodily injury to another person;

v. Using hands-on physical force such as pulling or shoving to the ground, tackling, or body slamming any person who is not causing an immediate threat of physical harm to others, unless objectively necessary and proportional to effectuate an apprehension and arrest;

vi. Using chokeholds, carotid restraints, or any other restraint technique that applies prolonged pressure to the neck and may restrict blood flow or air passage against any person, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

vii. Seizing or arresting any person who is complying with a lawful and authorized crowd dispersal order, unless there is specific probable cause to believe that the person has committed a crime for which a custodial arrest is warranted and for which the Federal Agent has lawful authority to make an arrest;

viii. Concealing his or her identity by means of mask or other disguise in a public place.

3. Defendants and the Federal Agents are further required to:

a. Wear visible identification of a unique, personally assigned, and recognizable alphanumeric identifier sequence affixed to their uniforms and conspicuously displayed in two separate places. The same unique and personally assigned identifier sequence must remain conspicuously displayed in two separate places despite changes to the agent's uniform or tactical gear;

    b. Wear and activate body worn cameras ("BWCs") when engaged in enforcement activities unless expressly exempted by CBP, ICE, or DHS policy.

4. It is further **ORDERED** that Federal Agents widely disseminate notice of this Order. Specifically, Defendants are ORDERED to provide copies of this Order, in either electronic or paper form, no later than 5 p.m. on \_\_\_ to all those described below:

    a. All law enforcement personnel, officers, and agents of the Federal Agents currently or subsequently deployed in Minnesota, including but not limited to all personnel in Minnesota who are part of Operation Metro Surge or any equivalent operation by a different name; and

    b. All employees, officers, and agents of the Federal Agents with supervisory or management authority over any law enforcement officers or agents currently or subsequently deployed in Minnesota, including the Secretary of Homeland Security.

BY THE COURT:

Dated: _____

U.S. District Judge, District of Minnesota

4