![The Office of Minnesota Attorney General Keith Ellison — helping people afford their lives and live with dignity, safety, and respect • www.ag.state.mn.us]

January 16, 2026

*Via ECF*

The Honorable Kate M. Menendez
U.S. District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

      Re:    *State of Minnesota, et al. v. Noem, et al.*
              Case No. 26-cv-190-KMM-DJF

Dear Judge Menendez,

      I write on behalf of all Plaintiffs to respectfully request that the Court reconsider converting Plaintiffs' motion for a temporary restraining order ("TRO") to one for a preliminary injunction ("PI"). (ECF 21.) Plaintiffs' motion is one for immediate, necessary relief to stop ongoing harm to Plaintiffs. Although Plaintiffs may subsequently seek to extend the TRO, or to bring a motion for a PI, that is not the posture of this motion before this Court and, for the reasons set forth below, Plaintiffs ask this Court to immediately reconsider. Plaintiffs can proceed on their TRO consistent with the existing schedule, but they will be prejudiced if the Court converts the TRO into a PI.[1] Plaintiffs absolutely do not seek delay, but do seek resolution on the motion originally brought, which will allow the parties to build a more fulsome record for a subsequent PI.

      Extraordinary circumstances warrant reconsideration of the Court's determination that Plaintiffs' motion will be treated as a motion for a PI. The reasons for this are set forth below.

      Chief among the concerns is the impact on the conversion from TRO to PI on appealability and Plaintiffs' practical ability to seek temporary injunctive relief on the Tenth Amendment claim now, while also seeking preliminary injunctive relief on additional claims in a Preliminary Injunction motion. During the Wednesday, January 14, 2026, scheduling conference, the Court expressed the view that it did not likely matter whether Plaintiffs' motion was heard as one for a

---

[1] Given the urgency of the situation, Plaintiffs do not invoke District of Minnesota Local Rule 7.1(j) because that rule's procedures will take too long. Instead, Plaintiffs respectfully suggest that the Court reconsider *sua sponte* its order to convert Plaintiffs' TRO to a PI. *Jackson v. Dayton*, No. 15-CV-4429 (WMW/TNL), 2016 WL 11198354, at *3 (D. Minn. Dec. 16, 2016), report and recommendation adopted as modified, No. 15-CV-4429 (WMW/TNL), 2017 WL 499596 (D. Minn. Feb. 7, 2017) ("Court possesses the inherent authority to sua sponte reconsider its own orders . . . .").

The Honorable Kate M. Menendez
January 16, 2026
Page 2

TRO on a slightly delayed schedule, or as one for a PI on an accelerated matter. Plaintiffs respectfully disagree and urge that it is critical that their current motion be heard as a TRO, and that they will be prejudiced if the Court converts the TRO into a PI. If Plaintiffs had known that the Court would convert their motion into a PI motion, rather than treating the motion as a TRO, Plaintiffs would have moved on additional claims because an order on the PI motion here is very likely to be appealed, no matter the outcome, and therefore the PI could be the last practical opportunity to brief the case at the district court level before appellate review. Similarly, Plaintiffs have heard from many stakeholders who want to have their voices heard and may intervene in the case or submit amicus briefs, which will be difficult if not impossible if the sequence is not a TRO motion followed by a PI motion.

The posture of the immediate emergency requires immediate, temporary relief at the conclusion of the TRO hearing. Here Plaintiffs have already provided nine declarations describing this harm in detail (*See* ECF 6, 9, 10, 11, 12, 13, 14, 15, 16) and anticipate submitting additional declarations depending on the nature of Defendants' responsive briefing.

Plaintiffs understand the Court's position that it requires a response from Defendants and a reply from Plaintiffs to further assess the Court's authority and potential scope of relief; however, the Court can require additional briefing without converting the motion to a PI. *See, e.g., Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1032 (N.D. Iowa 2008) (allowing for an "adversarial hearing" as part of a TRO proceeding). TROs are designed to be used in emergency situations to prevent immediate harm. TROs are different procedural vehicles than PIs, and courts treat the evidentiary requirements for each differently. *See id.* If ever there were an immediate emergency justifying treatment of a motion for injunctive relief on a TRO-basis, it is the one at hand. By treating the current motion as a TRO, the Court and the parties will have more time to develop the factual record and legal arguments for a PI, before any order of the Court becomes appealable by either party.

Since filing their Complaint, the harms to Plaintiffs continue to accrue. As of yesterday morning, the President of the United States has threatened to invoke the Insurrection Act against Minnesota. *See* The White House (@WhiteHouse), X (Jan. 15, 2026, 7:54 AM), https://x.com/WhiteHouse/status/2011799163382489328. This threat follows the previous night's events: on January 14, 2026, DHS agents allegedly shot a man in the leg during an attempted traffic stop, allegedly because the agents said they were attacked before the shooting.

Aside from the immediate and pressing threat of an unjustified invocation of the Insurrection Act, public reporting continues to capture a number of other harms that are accruing hourly since Plaintiffs' Complaint was filed:

- More Minnesota schools are cancelling classes, offering online learning, and facing attendance issues. https://www.startribune.com/attendance-drops-at-minnesota-schools-as-federal-immigration-enforcement-intensifies-anxieties/601560458

The Honorable Kate M. Menendez
January 16, 2026
Page 3

- Hospital workers are becoming increasingly vocal about their concerns related to ICE presence in medical settings. https://www.mprnews.org/story/2026/01/14/ice-agents-at-twin-cities-hospitals-alarm-medical-staff

- More small and mid-sized businesses are being targeted for workplace raids in a manner described as unprecedented in scale and sheer quantity. https://www.startribune.com/ice-increases-workplace-audits-in-minnesota-hits-smaller-employers/601545122

- More restaurants, businesses, and event venues are experiencing closures or reduced hours due to ICE-related safety concerns. https://bringmethenews.com/minnesota-lifestyle/list-of-twin-cities-events-canceled-and-businesses-closed-in-response-to-ongoing-ice-presence; https://www.fox9.com/news/several-twin-cities-businesses-closed-monday-due-ice-safety-concerns;

- Public reporting continues to describe a growing list of widespread constitutional violations. *See* https://www.startribune.com/have-yall-not-learned-federal-agents-target-legal-observers-in-the-aftermath-of-good-shooting/601562804.

In addition to public reports of increasing harms, each day Plaintiffs continue to field more emergency calls and accrue more overtime, strains, and commandeering of their resources as set forth in their initial declarations.

In short, the harms to Plaintiffs are escalating, and Plaintiffs are prejudiced by the decision to treat their motion for a TRO as a PI. We respectfully ask the Court to reconsider.

Sincerely,

KEITH ELLISON
Attorney General
State of Minnesota

*s/ Liz Kramer*
LIZ KRAMER (#0325089)
Solicitor General
PETER J. FARRELL (#0393071)
Deputy Solicitor General
KATHERINE BIES (#0401675)
BRIAN S. CARTER (#0390613)
LINDSEY MIDDLECAMP (#0392589)
JOSEPH RICHIE (#0400615)
Special Counsel

The Honorable Kate M. Menendez
January 16, 2026
Page 4

    445 Minnesota Street, Suite 600
    St. Paul, Minnesota 55101-2125
    (651) 757-1010 (Voice)
    *Attorneys for Plaintiff State of Minnesota*

    City Attorney
    By: */s/* Kristyn Anderson
    KRISTYN ANDERSON (0267752)
    HEATHER P. ROBERTSON (0390470)
    Assistant City Attorney
    SARA J. LATHROP (0310232)
    Assistant City Attorney
    KIRSTEN H. PAGEL (0399114)
    Assistant City Attorney
    MICHAEL A. BREY (0398620)
    Assistant City Attorney
    350 South Fifth Street
    Minneapolis, MN 55415
    Tel: 612-673-3000
    kristyn.anderson@minneapolismn.gov
    sara.lathrop@minneapolismn.gov
    heather.robertson@minneapolismn.gov
    kirsten.pagel@minneapolismn.gov
    michael.brey@minneapolismn.gov
    *Attorneys for Plaintiff City of Minneapolis*

    IRENE KAO
    City Attorney

    By: */s/Kelsey McElveen*
    PORTIA HAMPTON-FLOWERS (#0210869)
    Deputy City Attorney
    KELSEY MCELVEEN (#0396744)
    Assistant City Attorney
    ALEXANDER HSU (#0399275)
    Assistant City Attorney
    15 W. Kellogg Blvd., #400
    Saint Paul, MN 55102
    Tel: 651-266-8710
    Portia.flowers@ci.stpaul.mn.us
    Kelsey.mcelveen@ci.stpaul.mn.us
    Alexander.hsu@ci.stpaul.mn.us
    *Attorneys for Plaintiff City of Saint Paul*

cc:    Counsel of Record *(via ECF)*