

**U.S. Department of Justice**
Federal Programs Branch
Civil Division
*Washington, D.C. 20005*

---

January 20, 2026

Judge Katherine M. Menendez  **VIA ECF**
U.S. District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *Minnesota v. Noem*, Case No. 26-cv-00190-KMM-DJF

Dear Judge Menendez,

    I write on behalf of Defendants in response to Plaintiffs' letter requesting the Court to reconsider its conversion of Plaintiffs' Motion for Temporary Restraining Order ("TRO") into a Motion for Preliminary Injunction ("PI"). *See* ECF No. 31 (Pls.' Letter). The Court should deny that request. The Court converted Plaintiffs' motion to allow the Court to consider the arguments of all parties before ruling on Plaintiffs' extraordinary request for an order that would expel federal law enforcement officers from the State of Minnesota. ECF No. 21. The Court has now received from Plaintiffs a memorandum in support of their motion as well as Defendants' opposition. Plaintiffs' reply is due January 22, and the Court indicated it may hear argument on the motion, if necessary, as soon as January 23. Plaintiffs fail to provide any reason for the Court to reconsider its sensible decision to convert the TRO Motion into a PI Motion.

    At the outset, "[m]otions to reconsider are expressly disfavored by the Court," *United States v. Thornton*, No. 13-MC-86, 2014 WL 4416002, at *1 (D. Minn. Aug. 28, 2014), and cannot be filed unless the movant "show[s] compelling circumstances," LR 7.1(j). The Court should not allow Plaintiffs to unilaterally flout the process and limitations set forth in Rule 7.1(j) simply because they claim the "rule's procedures will take too long." Pls.' Letter at 1 n.1. Plaintiffs cite no authority that allows them to ignore the Court's rules.

    In any event, Plaintiffs have not identified any changed circumstances that justify reconsideration. Plaintiffs candidly admit that the primary reason they want their motion treated as a TRO is to insulate any order granting relief from appellate review. *See* Pls.' Letter at 1; 28 U.S.C. § 1292(a)(1) (authorizing interlocutory appeals of district court orders granting "injunctions"). Preventing Defendants from appealing an adverse order is not a proper basis for reconsideration, particularly where two circuit courts of appeals have stayed similar preliminary injunctions pending appeal, one in whole and one in substantial part. *See Chicago Headline Club v. Noem*, No. 25-3023, Dkt. No. 28 (7th Cir. Nov. 19,

2025); *L.A. Press Club v. Noem*, No. 25-5975 (9th Cir. Dec. 18, 2025).[1]  Furthermore, a ruling on a re-converted TRO Motion is unnecessary because the Court can promptly rule on the PI Motion.  The legal arguments set forth in Defendants' opposition warrant swift denial of Plaintiffs' motion such that oral argument is unnecessary.  Even if the Court concludes that oral argument is warranted, any such argument can be held promptly with a decision to follow soon thereafter.  In no event is there a need for an evidentiary hearing.

Plaintiffs next claim that they would have moved on additional claims had they known the Court would treat the motion as a PI instead of a TRO.  *See* Pls.' Letter at 2.  But, given their claim of an "immediate emergency," *id.*, there is no legitimate reason why Plaintiffs would have held meritorious claims in reserve for later deployment.  Presumably, Plaintiffs moved on their strongest grounds, which Defendants' opposition demonstrates are legally frivolous.  To the extent Plaintiffs have weaker claims in the offing that they want to pursue, such a (futile) pursuit in no way warrants reconsideration of the Court's decision to treat the claims Plaintiffs have chosen to pursue here as a PI motion.[2]

There also is no basis for Plaintiffs' claim that reconsideration is warranted to allow amicus and potential intervenors more time to participate before the Court decides the motion.  Pls.' Letter at 2.  The Court has imposed fast briefing deadlines on the parties and set this matter for expedited resolution based on Plaintiffs' claims of urgency.  Any outside parties can participate on the schedule set by the Court.  *See, e.g.*, ECF No. 29; ECF No. 48.

Finally, Plaintiffs contend that reconsideration is warranted because their harms "continue to accrue."  Pls.' Letter at 2-3.  But Plaintiffs fail to connect the premise to the conclusion.  In other words, Plaintiffs do not explain how the Court's conversion order affects Plaintiffs' access to temporary relief.  *Id.* at 2.  If the Court concludes that Plaintiffs have met their burden, it can enter preliminary relief regardless of the order's label.

For these reasons, the Court should deny Plaintiffs' motion for reconsideration.

---

[1] Regardless, any order granting Plaintiffs' motion—whether considered a motion for a TRO or a motion for a PI—would be appealable.  Although "the Courts of Appeals generally lack appellate jurisdiction over appeals from TROs," an appellate court should "constru[e]" an order labeled as a TRO "as an appealable preliminary injunction," where it "carries many of the hallmarks of a preliminary injunction."  *Dep't of Educ. v. California*, 605 U.S. 650, 651 (2025).  Here, Plaintiffs seek an unprecedented order that would expel DHS officers from Minnesota and micromanage those that remain through a highly prescriptive series of commands that resembles a federal regulation.  Such an order would "carr[y] many of the hallmarks of a preliminary injunction." *Id.* at 651.

[2] If Plaintiffs wish to raise additional claims, they are free to withdraw their current motion and try again.  If Plaintiffs do not take that course, the Court should deny any future motions for preliminary relief as a matter of discretion, to protect judicial economy.

Sincerely,

*/s/ Andrew I. Warden*

Andrew I. Warden
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-5084
Email: Andrew.Warden@usdoj.gov