

**Office of the Attorney General**
**Washington, D. C. 20530**

January 21, 2026

Mr. Keith Ellison
Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101

Attorney General Ellison:

  I am writing to give you the requisite opportunity to withdraw your frivolous motion for a temporary restraining order in *Minnesota v. Noem* before the United States moves the district court for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

  You and Governor Walz have repeatedly demonstrated an utter disregard for the enforcement of federal law in the State of Minnesota and for protecting the rights of American citizens to live and worship in peace and safety. Both state and local officials, including yourself, enacted sanctuary policies designed to thwart federal immigration enforcement by harboring criminal illegal aliens in your State. When federal officers responded to the lawlessness sowed by your policies, state and local officials—including Governor Walz—encouraged defiance and obstruction of federal law-enforcement officers. Emboldened by those words, leftist agitators have obstructed the execution of federal law, violently attacked federal officers, and, just this past Sunday, even invaded a Christian church, interrupted religious services, and terrified worshippers.

  This lawlessness—aided and abetted by officials including yourself—shows exactly why an aggressive federal law-enforcement response is needed in Minnesota. The federal government will not stand idly by as Minnesotans suffer from your backward leadership, which prioritizes harboring criminal aliens over protecting the rights of Christians to worship without interference by leftist mobs. President Trump will not allow this to continue, and neither will I. This lawlessness ends now, and nothing you say—especially in frivolous court filings—will change that.

  In the political arena, you are of course free to disagree with federal policy. You are also free—in the political arena—to offer the American people whatever excuses you can muster for your decision to shelter criminal illegal aliens while interfering with federal officers who are bravely and lawfully protecting citizens from the worst-of-the-worst fraudsters and violent criminals. What you cannot do, however, is file legally groundless motions, wasting taxpayer funds and the resources of both the Department of Justice and the federal courts. The Federal Rules of Civil Procedure and state bar disciplinary rules forbid that abuse of process. Every court filing requires support in existing law or good-faith argument for extension of existing law. Your motion for a temporary restraining order in *Minnesota v. Noem,* 26-cv-190 (D. Minn.), seeking to expel federal law-enforcement officers from the State of Minnesota, fails that

test by any measure. Federal courts exist to adjudicate real legal disputes; they are not a forum for cheap political stunts. Your motion is an abuse of the legal system, and the United States reserves the right to take appropriate legal action if you do not withdraw it.

Your motion rests entirely on the Tenth Amendment and related notions of state sovereignty. But it has been established for over 200 years that, when it comes to the enumerated powers that the Constitution assigns to the federal government, federal law is supreme; no State has the right to block or obstruct it; and the Tenth Amendment interposes no obstacle to federal action. *See, e.g., Fernandez v. Wiener*, 326 U.S. 340, 362 (1945); *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436 (1819). There is no question that the federal government is charged with regulating immigration or that Congress has done so. *See Arizona v. United States*, 567 U.S. 387, 394–96 (2012). The States have no veto power over enforcement of those federal laws by the federal government. It really is that simple. In the past, state officials armed with angry mobs have failed in their attempts to subvert federal law. President Trump and I will ensure that federal law is enforced in Minnesota, just as it is and will be enforced in every other state.

As my attorneys explain in more detail in our opposition brief, the claims upon which you rest your motion are legally frivolous. If you do not withdraw that motion, the United States reserves the right to take appropriate action, including sanctions or other disciplinary action.

Sincerely,

*[signature]*

Pamela Bondi
United States Attorney General