*State of Minnesota et al. v. Noem et al.*
No. 26-CV-00190-KMM-DJF (D. Minn.)

Amicus Curiae Brief of the Advocates for Human Rights

**Exhibit No. 10**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Garrison G.,[1]

        Petitioner,

v.

Pamela Bondi, *U.S. Attorney General*; Kristi Noem, *U.S. Department of Homeland Security, Secretary*; Todd M. Lyons, *U.S. Immigration and Customs Enforcement, Acting Director*; and Marcos Charles, *Enforcement and Removal Operations, Acting Executive Associate Director*;

        Respondents.

File No. 26-CV-172 (JMB/DJF)

**ORDER**

---

Marc Prokosch, Prokosch Law, LLC, Roseville, MN, and Juventino Meza Rodriguez, Minnesota Immigrant Law Center, St. Paul, MN, for Petitioner.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and Marcos Charles.

---

This matter is before the Court on Petitioner Garrison G.'s Amended Petition for a Writ of Habeas Corpus (Petition) (Doc. No. 4 [hereinafter, "Am. Pet."]). For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1.    Garrison G. is a citizen of Liberia who resides in Minnesota. (Am. Pet. ¶¶ 3,

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

27.)

2. On June 23, 2009, an immigration judge ordered Garrison G. removed from the United States. (*Id.* ¶ 3.)

3. On July 2, 2021, Garrison G. was placed on an Order of Supervision. (*Id.* ¶ 4; *see also* Doc. No. 1-3.) The Order of Supervision stated that "the agency has not effected your deportation or removal during the period prescribed by law . . . ." (Doc. No. 1-3 at 2.) The Order of Supervision imposed certain conditions, including enrollment in an ankle-monitoring program. (*Id.*; *see also* Am. Pet. ¶¶ 4, 121.)

4. Over the past four years, Garrison G. has consistently complied with all conditions of his Order of Supervision, including submitting to ankle-monitoring. (*Id.* ¶¶ 6, 13, 45, 121; *see also* Doc. No. 1-2 ¶ 29.) He appeared at check-ins with ICE over the years, including most recently on December 29, 2025. (Am. Pet. ¶¶ 44–46.)

5. Garrison G. has no criminal record. (Doc. No. 1-2 ¶ 8.)

6. On January 11, 2026, ICE agents forcibly entered Garrison G.'s home without his or his family's permission, forcibly removed him, and detained him. (Am. Pet. ¶ 7; Doc. No. 1-2 ¶¶ 16, 24, 26.) Although Garrison G. and his wife repeatedly asked the agents to show them a judicial warrant authorizing entry into their home, and the agents stated that they had a warrant, the agents did not produce a judicial warrant. (Am. Pet. ¶¶ 48–49; Doc. No. 1-2 ¶¶ 5–7, 18–19.) Only after agents forcibly opened the front door and entered the house did they show Garrison G.'s wife any documentation. (Doc. No. 1-2 ¶ 16, 27–28; *see also* Am. Pet. ¶ 120.) The document presented was not a judicial warrant. (*Id.*)

2

7. Garrison G. remains in detention in Minnesota. (Am. Pet. ¶¶ 9, 27.)

8. He has not received a notice of custody determination or any other written decision explaining what changed circumstances allegedly justified or currently justify his detention. (*Id.* ¶ 11.) Nor has he received any Notice of Revocation of the Order of Supervision informing him of the reasons for his arrest and re-detention. (*Id.* ¶¶ 10, 51–52.) He was also not provided with any such document prior to his arrest.

9. On January 12, 2026, Garrison G. filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) That same day, he filed the Amended Petition. (Am. Pet.) Garrison G. asserts that his re-detention is unlawful because, having been released on order of supervision under 8 C.F.R. § 241.13, regulations at section 241.13(i) govern his re-detention, and ICE failed to comply with the governing law. (*See id.* ¶¶ 58–69, 82, 90–92.) He also asserts that his arrest without a judicial warrant violated the Fourth Amendment. (*Id.* ¶¶ 87–88, 116–27.) He also alleges violations of other constitutional provisions based on what he alleges to have been a racially motivated immigration enforcement action. (*Id.* ¶ 95.) He seeks immediate release on the previously ordered conditions of release. (*Id.* ¶ 91.) He also seeks various forms of declaratory relief and preliminary and permanent injunctive relief. (*Id.* at 31–32.)

10. Also on January 12, 2026, the Court ordered Respondents to respond to the Petition by January 15, 2026 at 11:00 a.m., certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case. (Doc. No. 3.) Respondents entered an appearance that day (Doc. No. 5) but have not filed any response to the Petition.

11. The Court's deadline has passed.

## DISCUSSION

Garrison G. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition asks the Court to find that his current detention is unlawful and order Respondents to release him from custody on the previously ordered conditions of supervised release. (Pet. at 31–32.) Respondents do not oppose the Petition. Therefore, the Court grants the Petition as set forth below, on the basis that it is unopposed. As an independent and separate basis, for the reasons given below, the Court determines that Garrison G. has demonstrated the unlawfulness of his re-detention.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of

4

evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Garrison G. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of his current re-detention.

**B.     Violations of Regulations Governing Revocation of Supervised Release**

Garrison G. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by failing to provide adequate notice that his Order of Supervision was revoked and the reasons for revocation, by failing to sufficiently demonstrate changed circumstances that render his removal significantly likely in the reasonably foreseeable future, and by failing to provide him an initial informal interview promptly upon his re-detention. (Am. Pet. ¶¶ 89–90 (citing 8 C.F.R. § 241.13(i)(2)-(3)).)

The Court agrees with Garrison G. and grants the Petition on this basis to the extent he requests immediate release.[2]

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[3] Government agencies are required to follow their own regulations. *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025). 8 C.F.R. § 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. *Id.* § 241.13(g). When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. *Id.* § 241.13(i). Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). To make such a reasoned determination, the agency must "consider[] factors probative of the [noncitizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A.*,

---

[2] As noted above, a separate and independent basis for ordering Garrison G.'s immediate release is that the Petition is unopposed. Garrison G. also asserts that his re-detention violated the Administrative Procedure Act and the due process clause of the Fifth Amendment. (Am. Pet. ¶¶ 109–15, 128–34.) Because the Court finds that ICE has violated its own regulations in re-detaining Garrison G., such that his current detention is unlawful, the Court does not reach these alternative arguments.

[3] The Court uses the term "noncitizen" instead of the term "alien."

6

2025 WL 2533673, at *7 (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a noncitizen released under section 241.13).

In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. 8 C.F.R. § 241.13(i)(3). Section 241.13 places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Section 241.13 applies in this case. The 2021 Order of Supervision notes that ICE "ha[d] not effected [his] deportation or removal during the period prescribed by law . . . ." (Doc. No. 1-3 at 2.) This language, combined with the act of releasing him, reflects a determination that there was no likelihood of removal in the reasonably foreseeable future. Indeed, in at least one other case before this Court, Respondents took the position that such language in orders of supervision constitute a determination that there was no significant likelihood that the noncitizen would be removed in the reasonably foreseeable future. *See Yee S. v. Bondi*, No. 25-CV-02782 (JMB/DLM), Doc. Nos. 7 at 3 (conceding the point in

7

briefing), 8-7 (Order of Supervision).  Respondents here offer no competing interpretation or argument.

Respondents failed to comply with the requirements of section 241.13(i).  Respondents have offered no reasons at all for revoking Garrison G. supervised release, whether in a notice to Garrison G. or in written submissions in this action.  (*See* Am. Pet. ¶¶ 10–11, 51–52.)  Garrison G. has established that he has complied with the conditions of supervised release.[4]  *See supra*, at 2.  There is nothing in the record to suggest changed circumstances or that he will be removed in the reasonably foreseeable future, nor that ICE made any reasoned determination to revoke his supervised release.  Finally, Garrison G. has shown that Respondents neither provided him any reasons for the revocation of his release nor promptly provided the required initial informal interview.  (*See* Am. Pet. ¶¶ 10–11, 51–52.)

Accordingly, Garrison G. has shown that ICE's re-detention of him on January 11, 2026 violated the law because ICE did not comply with its own regulations under section 241.13(i)(2).  Petitioner must be released immediately.

### C. Violations of the Fourth Amendment

The Court separately finds that Respondents' arrest of Garrison G. violated the Fourth Amendment.  To arrest him, Respondents forcibly entered Garrison G.'s home without his consent and without a judicial warrant.  *See supra*, at 2.  This arrest violated

---

[4] He has also established that he is not a flight risk.  He has regularly appeared at ICE check-ins as required, including as recently as a few weeks ago, and complies with the ankle-monitoring condition of his supervised release.  *See supra*, at 2.

8

the Fourth Amendment. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018–19 (9th Cir. 2008) (citing *Camara v. Mun. Ct. of San Francisco*, 387 U.S. 523, 534 (1967)). For this independent reason, Garrison G.'s detention is unlawful, and the Court orders his immediate release.[5]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Garrison G.'s Amended Petition for a Writ of Habeas Corpus (Doc. No. 4) is GRANTED in part and DENIED in part as follows:

1. Respondents are ORDERED to release Petitioner Garrison G. from custody <u>immediately</u>, subject to and in accordance with the conditions in his preexisting Order of Supervision dated July 2, 2021.

2. On or before <u>4:00 p.m. CT on January 16, 2026</u>, Respondents shall provide the Court with a status update affirming that Petitioner was released from custody in accordance with this Order.

3. Garrison G. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. As to other forms of relief requested, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 15, 2026                         */s/ Jeffrey M. Bryan*
                                                 Judge Jeffrey M. Bryan
                                                 United States District Court

---

[5] Garrison G. makes several requests for preliminary injunctive relief. These requests are denied as moot. To the extent that the Petition also requests permanent injunctive relief, the Court declines to grant such relief without the benefit of a more developed record to support this request.