January 24, 2026										*VIA ECF*

The Honorable Kate M. Menendez
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

RE: *Minnesota v, Noem,* Court File No. 0:26-cv-00190 (KMM-DJF)

Dear Judge Menendez:

      On January 16, 2026, Plaintiffs requested that you reconsider your decision to convert Plaintiffs' Motion for Temporary Restraining Order into a motion for Preliminary Injunction.  (ECF #31.)  Defendants responded on January 20, 2026. (ECF #51.) In light of escalating circumstances, we write to renew our request that you treat Plaintiffs' motion as one for a Temporary Restraining Order and to grant Plaintiffs immediate relief without delay. Operation Metro Surge is not just unlawfully invasive; it is deadly. Defendants' unprecedented occupation has claimed yet another life, compounding the extreme, ongoing, and irreparable harm that has been extensively documented in the record.

      As the Court is aware, on January 12, 2026, Plaintiffs moved for a Temporary Restraining Order (ECF #5). Although Plaintiffs requested immediate relief in the form of a Temporary Restraining Order, the Court determined it would treat the motion as one for Preliminary Injunction, handled on an expedited basis (ECF #21), with a hearing scheduled for January 26, 2026 (ECF #54).  But while awaiting the scheduled hearing, Plaintiffs continue to suffer irreparable harms at an ever-escalating pace.  Plaintiffs filed additional Declarations today which demonstrate, uncontrovertibly, the necessity for the Court to act to provide immediate relief to stop ongoing harm that grows more critical by the day.

      Today's submitted Declarations document that Defendants' agents shot and killed another person in the City of Minneapolis.  Declaration of Michael Brey, Ex. F (Star Tribune article); Ex. A (bystander video). Witnesses report that the man was shot multiple times after Defendants' agents wrestled him to the ground. Brey Decl., Ex. F at 2.  Immediately, Minneapolis police officers rushed to the scene of the fatal shooting. Defendants' agents initially attempted to order Minneapolis police to leave the scene. Declaration of Heather Robertson, ¶ 15.   Despite rising tensions at the scene, Defendants' agents remained at the scene, deploying flash-bangs and repeatedly tear gassing the crowd.  Brey Decl., Ex. F at 3.  Robertson Decl. ¶ 22, 29. Because of today's incident, MPD initiated a callback of Minneapolis police personnel on standby, made an emergency recall of all personnel not on duty, and requested mutual aid from at least five State and surrounding local law enforcement agencies (including Saint Paul

Police Department) to help quell this situation and backfill patrol across the City of Minneapolis to respond to 911 calls.  Robertson Decl. ¶¶ 6, 14-16, 24, 33-34, 38.

Indeed, the disruption to public safety caused by Defendants' agents is so significant that Minneapolis Mayor Frey has been forced to request Governor Walz to deploy the Minnesota National Guard to help reinforce local law enforcement resources that have been stretched thin *because of Defendants' actions.* Robertson Decl. ¶ 39, Ex. A. Defendants' infringement of Plaintiffs' Tenth Amendment and Equal Sovereignty rights has continued not only unabated, but has escalated.  And even after today's shooting, Defendant Noem continued to pressure Governor Walz and Mayor Frey to "partner" with Defendants in their immigration enforcement efforts.  Brey Decl. Ex. G. Plaintiffs, and Plaintiffs' communities, are in urgent need of a Court-ordered respite to the irreparable injuries Defendants continue to cause to the health, safety, education, and welfare of Minneapolis, Saint Paul, and indeed the entire State of Minnesota.  This cannot continue.  We need the Court to act to stop this Surge before yet another resident dies because of Operation Metro Surge.

This is the third shooting and the second fatal shooting by Defendants' agents in Minneapolis in less than three weeks.[1]  The situation is grave; this most recent fatal shooting and Defendants' escalating unlawful conduct provide compelling circumstances for Plaintiffs' request for this Court to treat Plaintiffs' motion as one for a Temporary Restraining Order as filed. If unchecked, Operation Metro Surge will only continue to inflict irreparable harms and wreak havoc on Plaintiffs and their residents. What is needed is an immediate stop – in a Temporary Restraining Order that by its terms is limited in length – of Operation Metro Surge to put the parties back in their positions before the Surge began and to immediately prevent even further irreparable harms to Plaintiffs' ability to protect the public health, welfare, safety, and education.  This will allow the Court—with the status quo duly preserved—to then examine the facts and the law in due course to consider more durable relief.

The need for emergency relief is urgent and undeniable. Plaintiffs ask the Court to act immediately, and certainly no later than the conclusion of the January 26 hearing, to preserve the status quo by ordering a temporary halt to Operation Metro Surge, requiring Defendants to drastically reduce the number of agents deployed in Minnesota.  The record before the Court is more than sufficient to justify this immediate relief: Plaintiffs have demonstrated ongoing, irreparable harm and established serious constitutional claims. Every day that passes without Court intervention compounds these injuries and undermines the very rights this Court is charged to protect. Emergency relief is not only warranted, it is essential.  Thank you.

---

[1] For comparison, in the first 11 months of 2025, from January 1 to November 30, there were no officer-involved shootings in Minneapolis where the Minneapolis Police Department was involved.  There was a single incident in July of 2025 where there was deadly force directed at an MPD officer. (Robertson Decl. ¶ 2.)

Sincerely,

| */s/Liz Kramer* | */s/Kristyn Anderson* | */s/Irene Kao* |
|---|---|---|
| Solicitor General | Minneapolis City Attorney | Saint Paul City Attorney |
| Liz Kramer | Kristyn Anderson | Irene Kao |

CC: all counsel of record