UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

*State of Minnesota, et al.*
*vs.*
*Kristi Noem, et al.*
U.S. Dist. Ct. No. 26-cv-190

DECLARATION OF KATHERINE BIES

# EXHIBIT 1A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, *by and through its Attorney General Keith Ellison*, CITY OF MINNEAPOLIS, and CITY OF ST. PAUL,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; JOHN CONDON, *in his official capacity as Acting Executive Associate Director of Homeland Security Investigations*; U.S. Department of Homeland Security; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations;* U.S. Immigration and Customs Enforcement; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection;* U.S. Customs and Border Protection; GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*; U.S. Border Patrol; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement*,<br><br>　　　　　　Defendants. | Civ. No. 26-cv-00190-KMM-DJF<br><br>**PLAINTIFF STATE OF MINNESOTA'S FIRST SET OF DISCOVERY REQUESTS** |

TO:   DEFENDANTS, by and through attorney Andrew Warden, DOJ-Civ, 1100 L St., NW, Ste 1140, Washington, DC 20005.

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff State of Minnesota ("Plaintiff"), hereby requests that Defendants serve answers to the following Interrogatories and to provide documents responsive to the following Document Requests upon the undersigned attorney. Parties will meet and confer on timing for responses to these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

When the following terms are used, Plaintiff intends the meanings described below to be associated with such terms.

1. The terms "Defendants," "You," and "Your" shall refer to Kristi Noem, John Condon, Todd Lyons, Marcos Charles, Rodney Scottt, Gregory Bovino, and David Easterwood, all in their individual capacities, and the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), and U.S. Border Patrol ("Border Patrol"), including all of their attorneys, officers, employees, representatives, and other agents.

2. "Operation Metro Surge" means any and all immigration enforcement activity and fraud investigations by DHS Personnel in Minnesota, Minneapolis, and St. Paul from November 1, 2025 to the present.

3. "DHS Personnel" means any personnel under the statutory authority of the Department of Homeland Security or any of its components or subagencies, including personnel from ICE, CBP, Border Patrol, or the Federal Protective Service, as well as any

2

personnel from any agency who have been designated as DHS personnel or designated to carry out DHS functions from November 1, 2025 to the present.

4. Defined terms have the meaning given above whether capitalized or not.

5. "Communication" means the transmittal in any form—electronic, written, typed, spoken, or otherwise—of information, as well as any note, memorandum, or other record thereof.

6. "Describe" means to provide a complete description and explanation of the facts, circumstances, analysis, and other information relating to the subject matter of a specific interrogatory.

7. The terms "document" and "thing" have the meanings set forth in Rule 34 Federal Rules of Civil Procedure and shall include all documents or things which now are or ever were in the possession, custody, or control of Plaintiff. Furthermore, the term "document" means any written or graphic material whether the original, a copy, or a reproduction, including all non-identical copies and copies in electronic form. The term "document" includes, without limitation, correspondence, memoranda, notes, diaries, journals, calendars, e-mail messages, text messages, contracts, invoices, receipts, voicemail messages, drawings, photographs, telephone records (including cellular phones), and video recordings. A "Post-It" brand or other self-stick removable note is to be considered a document and should not be removed from any other document to which it might be attached, unless both must be copied separately to give the documents their full meaning.

8. The term "identify" means as follows:

a. When applied to a natural person, requires that the following information be provided as to such person:

   i. His or her full name;
   ii. His or her present or last known occupation, business affiliation and position;
   iii. His or her employment and position at the time in question; and
   iv. His or her present or last known address and telephone number.

b. When applied to an entity other than a natural person, means to state:

   i. Its full name;
   ii. The type of entity it is or was (e.g., corporation, partnership, political subdivision, etc.); and
   iii. The address of its principal place of business.

c. When applied to a document, regardless of whether a claim of privilege is asserted or whether the document is not in your possession or control, means to state:

   i. sufficient information about the general character of the document (e.g., letter, memorandum, report, etc.) to enable it to be identified for purposes of a subpoena duces tecum;
   ii. the date it bears or, if undated, the date on which it was written or otherwise created;
   iii. the identity of the individual(s) who wrote or otherwise created the document;
   iv. the identity of the individuals or entities to whom it was directed;
   v. a summary of the subject matter of the document; and
   vi. the name, address, and representative capacity, if any, of each person in whose custody the document is not being kept or to whose control it is subject.

d. When applied to an oral communication, means to state:

   i. the identity of all individuals participating or present;
   ii. the date and time of the communication;

4

   iii. where the communication took place;
   iv. the type of communication (e.g. in person, telephone, etc.); and
   v. the substance of the communication.

9. "Include[s]" or "including" means "include[s] but is not limited to" or "including but not limited to," unless otherwise specified.

10. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory or document request any documents or information that may otherwise be construed to be outside its scope. The term "each" includes "every," and vice versa. The terms "a," "an," and "any" include "all," and vice versa.

11. All references to the plural include the singular, and all references to the singular include the plural. All references to the masculine gender include the feminine and neutral genders and vice versa.

12. Plaintiff requests that Defendants bates-label all documents produced in response to these discovery request.

13. Each paragraph of the Requests shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## PRIVILEGED OR PROPRIETARY MATTER

If any interrogatory, request for admission, request for production of documents and things or request for production of statements herein is deemed to call for privileged information or materials and such privilege is asserted, fully identify in writing the information or document so withheld and provide the reasons for withholding the information or document and a statement of the basis for the claim of privilege or other

5

ground of nondisclosure. If a request is otherwise not answered in full after the exercise of Defendants' due diligence to secure complete information, state the specific grounds for not answering in full, and answer the request to the extent to which no privilege is claimed.

## LOST OR DESTROYED DOCUMENTS

If any document or thing requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify such documents as completely as possible, providing as much information about the document as possible, including the identity, title, or type of document or thing, its date, a description of its contents, the reason, circumstances, or manner why the document was lost, discarded, or destroyed, and/or why it is not available to be produced, and the identity of all persons having knowledge of the contents thereof.

## DOCUMENTS NOT IN YOUR CUSTODY OR CONTROL

If any document or thing requested herein was never in your possession, custody, or subject to your control, or was at one time in your possession, custody, or subject to your control but no longer is, identify such documents or things as completely as possible, including the identity, title, or type of document or thing; its date; a description of its contents; the reason, circumstances, or manner when or why the document or thing left your possession, custody, or control; and the identity of all persons having knowledge of the contents thereof.

Objection will be made to any attempt to introduce evidence which is directly sought by this request and to which no disclosure has been made.

## CONTINUING REQUESTS

These Requests are continuing in nature and subject to the duty to supplement under Rule 26(e)(1) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1.** State the number of DHS personnel deployed to Minnesota as part of Operation Metro Surge, including the number of DHS personnel deployed each day by each DHS component or subcomponent from November 1, 2025 to present.

**INTERROGATORY NO. 2.** State the number of DHS personnel employed by, detailed to, or assigned to perform duties based from the St. Paul Field Office of Enforcement and Removal Operations from November 1, 2025, to present.

**INTERROGATORY NO. 3.** Identify all documents that define the scope of or outline the parameters of Operation Metro Surge, including any memoranda, deployment communications, or training materials.

**INTERROGATORY NO. 4.** Identify all documents that provide the justifications for or describe the objectives of Operation Metro Surge, including any memoranda, deployment communications, or training materials.

**INTERROGATORY NO. 5.** Describe with specificity all facts and conditions in Minnesota that led to the launch of Operation Metro Surge and the deployment of thousands of DHS agents to the State, and identify all documents containing information relating to those facts and conditions.

## DOCUMENT REQUESTS

**REQUEST NO. 1.** Provide copies of any and all documents identified, described, or referred to in Defendants' answers to any and all of Plaintiff State of Minnesota's Interrogatories to Defendants, used in preparing Defendants' answers to any and all of Plaintiff State of Minnesota's Interrogatories to Defendants, or supporting Defendants' answers to Plaintiff State of Minnesota's Interrogatories to Defendants.

**REQUEST NO. 2.** Provide copies of any and all documents referred to or displayed during any press conference or public statements regarding Operation Metro Surge given by Defendants or President Trump, including but not limited to the documents referred to and displayed by Defendant Bovino during his January 20, 2026, press conference, and the documents referred to and displayed by President Trump on January 20, 2026, during his remarks to the press regarding the accomplishments of Operation Metro Surge.

Dated: January 21, 2026

KEITH ELLISON
Attorney General
State of Minnesota

/s/ Brian S. Carter
LIZ KRAMER (#0325089)
Solicitor General
PETER J. FARRELL (#0393071)
Deputy Solicitor General
KATHERINE BIES (#0401675)
BRIAN S. CARTER (#0390613)
LINDSEY MIDDLECAMP (#0392589)
JOSEPH RICHIE (#0400615)
Special Counsel

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1010 (Voice)
(651) 282-5832 (Fax)

liz.kramer@ag.state.mn.us
peter.farrell@ag.state.mn.us
brian.carter@ag.state.mn.us
katherine.bies@ag.state.mn.us
joseph.richie@ag.state.mn.us
lindsey.middlecamp@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

9