UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

*State of Minnesota, et al.*
*vs.*
*Kristi Noem, et al.*
U.S. Dist. Ct. No. 26-cv-190

DECLARATION OF KATHERINE BIES

# EXHIBIT 2



**U.S. Department of Justice**
Federal Programs Branch
Civil Division
*Washington, D.C. 20005*

---

January 22, 2026

Dear Mr. Carter,

     I write in response to Minnesota's first set of discovery requests. Because the requested discovery is irrelevant to Plaintiffs' motion, unnecessary for the motion's adjudication, and unduly burdensome, Defendants will not produce anything in response.

     Generally, a "party may not seek discovery from any source before the parties have conferred" as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Only "in limited circumstances and for limited rationales" can a party seek discovery despite this rule. *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019). "The party seeking discovery must typically show 'good cause'—*i.e.*, that the need for expedited discovery outweighs the prejudice to the responding party." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (cleaned up); *see ALARIS Grp., Inc. v. Disability Mgmt. Network, Ltd.*, No. CV 12-446, 2012 WL 13029504, at *2 (D. Minn. May 30, 2012) (listing additional factors, such as "the breadth of the discovery requests" and "the burden on the defendants to comply with the requests"). Good cause is absent in this case.

     In the context of a motion for a preliminary injunction, the justification for expedited discovery is that development of the record "will better enable the court to judge the parties' interests and respective chances for success on the merits." *Edudata Corp. v. Sci. Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984). That justification is missing here. In your motion, you argue that Defendants, in carrying out Operation Metro Surge, violate the Tenth Amendment and the principle of "equal sovereignty." *See* Dkt. 8. But the expedited discovery you seek is irrelevant to these legally frivolous claims. For example, the constitutionality of Defendants' actions does not turn on the "number of DHS personnel deployed to Minnesota as part of Operation Metro Surge."[1] *See* Interrogatory #1. And, to the extent Operation Metro Surge's "justifications" and "objectives" are relevant, the current record—which makes clear that Defendants are in Minnesota to enforce federal law—provides the Court with all it needs to decide this motion. *See* ECF 35-1 (Harvick Decl.) ¶¶ 6-7; ECF 35-2 (Olson Decl.) ¶¶ 14, 16; *cf. Dalpe*, 386 F. Supp. 3d at 1058 (expedited discovery is not warranted when the parties "were able to create a relatively robust record without discovery"). Accordingly, none of the requested information will assist the Court in adjudicating your motion, and expedited discovery is unwarranted. *See Edudata Corp.*, 599 F. Supp. at 1088.

---

[1] In any case, the current record provides Plaintiffs with information about the number of federal agents assigned to Operation Metro Surge. *See* Olson Decl. ¶ 15. This further confirms the unnecessary nature of Plaintiffs' request.

The irrelevance and superfluity of the sought-after discovery are enough to refuse your requests. But the inadequacies do not stop there. The breadth of the requests—and the corresponding burden on Defendants—only confirms the lack of good cause. Expedited discovery exists "to allow a party to obtain specific, limited, and identifiable pieces of information." *Walz*, 517 F. Supp. 3d at 889. It does not exist to provide an early opportunity for a fishing expedition. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (denying a request for expedited discovery when plaintiffs' "discovery requests [were] not narrowly tailored to reveal information related to the preliminary injunction"). The lack of tailoring is apparent from Minnesota's requests. *See, e.g.*, RFP #2 (requesting "copies of any and all documents referred to or displayed during any press conference or public statements regarding Operation Metro Surge given by Defendants or President Trump").[2] Indeed, every proposed request is overbroad, not proportional to the needs of the case given its current expedited posture, and would likely require extensive searches for documents and information across a host of custodians and data repositories within DHS and its subcomponents. *See, e.g.*, Interrogatory #1 (daily personnel data since November 1); Interrogatories #3-4 (all "memoranda, deployment communications, or training materials" regarding the scope and objectives Operation Metro Surge); Interrogatory #5 ("all documents containing information relating to" the "facts and conditions" in Minnesota lead up to Operation Metro Surge); RFP #1 (all documents reviewed and identified in responding to interrogatories). The burdens of collecting the information alone would likely be significant. And even if the information could be collected, additional time and resources would be required to review the documents for responsiveness and various privileges. The burdensome and time-consuming discovery you seek is completely incompatible with the expedited schedule the Court has established for resolution of your meritless motion. *Cf. Guttenberg*, 26 F. Supp. 3d at 99 (recognizing the inequity of forcing defendants to produce discovery when "plaintiffs did not have a viable cause of action"). Under these circumstances, expedited discovery is entirely unjustified.

For these reasons, Defendants will not provide any responses to your meritless request for expedited discovery. Defendants reserve the right to assert any and all appropriate objections and privileges should a further response be required.

Sincerely,

*/s/ Brantley T. Mayers*

Brantley T. Mayers
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 890-9874
Email: Brantley.t.mayers@usdoj.gov

---

[2] The overbreadth of this request is further magnified by the fact that the President is not a Defendant in this case and any discovery against him would be wholly improper and without legal basis.