## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

STATE OF MINNESOTA, *by and through its Attorney General Keith Ellison*, CITY OF MINNEAPOLIS, and CITY OF ST. PAUL,

      Plaintiffs,

    v.

MARKWAYNE MULLIN in his official capacity as Secretary of the U.S. Department of Homeland Security; STEPHEN MILLER, in his official capacity as Homeland Security Advisor, JOHN CONDON, in his official capacity as Acting Executive Associate Director of Homeland Security Investigations; U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations; U.S. Immigration and Customs Enforcement; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; U.S. Customs and Border Protection; TOM HOMAN, in his official capacity as Border Czar, GREGORY BOVINO, in his official capacity as Commander of the U.S. Border Patrol; U.S. Border Patrol; DAVID EASTERWOOD, in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement,

      Defendants.

Civ. No.: 26-190 (KMM/DJF)

**RULE 26(f) REPORT**

## PRELIMINARY STATEMENT

On January 12, 2026, Plaintiffs filed the original Complaint in this matter. On March 16, 2026, Defendants responded in the action by filing a motion to dismiss the original Complaint. On April 28, 2026, the State of Minnesota, pursuant to District of Minnesota LR 26.1(d)(2), requested via email that all other Parties attend a Rule 26(f) conference on May 13, 2026, at 10 a.m. Central. Further, the State informed Defendants that their attendance was mandatory under the local rule's terms. LR 26.1(d)(2)(A) provides that any

party may request a Rule 26(f) conference and that a non-requesting party's attendance is mandatory if the request is: "made in writing at least 14 days before the requested date for the conference; and . . . the request is made at least 30 days after each defendant has answered, pleaded, or otherwise responded in the action."

Because Defendants "otherwise responded in the action" when they filed a motion to dismiss March 16, 2026, Defendants' attendance at the Rule 26(f) conference was mandatory. Nevertheless, Defendants maintained that the State had not properly invoked LR 26.1's mandatory conference because Defendants had not "'answered, pleaded, or otherwise responded in the action' to Plaintiffs Amended Complaint." The State repeatedly encouraged Defendants to attend the May 13 conference and explained that LR 26.1 requires that Defendants have "responded *in the action*"; it does not require that Defendants have responded to the operative complaint. The plain meaning of the local rule compels the rejection of Defendants' assertion that the filing of an amended complaint somehow resets the mandatory-Rule 26(f)-conference clock.

Defendants did not appear at the Rule 26(f) conference, which was held via a Teams appointment which was emailed to all parties.

The Court has not yet issued an order setting an initial pretrial conference under Federal Rule of Civil Procedure 16 and LR 16.2.

In compliance with Rule 26(f) and Local Rule 26.1(d), Plaintiffs prepared and submit this Rule 26(f) Report.

(a)     Rule 7.1 Disclosures.

Rule 7.1 does not apply to any of the parties in this action.

(b)     Description of the Case.

(1) Concise factual summary of plaintiff's claims:

Beginning in December 2025, Defendants have conducted "Operation Metro Surge" in the State of Minnesota, including in the cities of Minneapolis and Saint Paul. The Operation involved the deployment of thousands of militarized immigration agents in a manner intended to overwhelm local authorities and to coerce and commandeer Plaintiffs. The Operation involved numerous administrative decisions that were implemented to deprive local residents of their rights, disrupt the local economy, generate public fear, and cause Plaintiffs to divert scarce public resources. The stated purpose of the Operation—to conduct immigration enforcement—was pretextual. The true purpose was to retaliate against the Plaintiffs, commandeer their resources,

and coerce them to adopt public policies favored by the current Presidential Administration. Based on these facts, Plaintiffs make the following claims:

- Count I: Violation of the Tenth Amendment of the U.S. Constitution (All Plaintiffs)
- Count II: Violation of Equal Sovereignty Under the U.S. Constitution (Minnesota)
- Count III: Unconstitutional Retaliation in Violation of the First Amendment (All Plaintiffs)
- Count IV: Violation of the First Amendment – Viewpoint Discrimination (All Plaintiffs)
- Counts V-XVII: Violations of the Administrative Procedures Act for certain identified policies implemented during Operation Metro Surge (All Plaintiffs)
- Count XVIII: Ultra Vires Agency Action – Use of Military Force (All Plaintiffs)
- Count XIX: Ultra Vires Executive Actions (All Plaintiffs)

(2) Concise factual summary of defendant's claims/defenses:

Defendants refused to participate in preparing this report.

(3) Statement of jurisdiction (including statutory citations)[1]:

The Court has original jurisdiction to hear all the claims in this action. 28 U.S.C. § 1331. The Court also has remedial authority for the claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 2022.

(4) Summary of factual stipulations or agreements:

None. Defendants refused to participate in preparing this report.

(5) A jury trial has not been demanded by the parties. Plaintiffs reserve the right to demand a jury trial on all issues triable to a jury.

(6) Plaintiffs do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

---

[1] In any case based on diversity jurisdiction in which a party is an LLC, this statement should identify the citizenship of each of its members and any subdivisions of its members. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

(c)  Pleadings.

The status of pleadings is as follows:

Plaintiffs filed their original Complaint on January 12, 2026, accompanied by a motion for a temporary restraining order (TRO Motion) and completed service of all materials on January 13, 2026. Dkt. 25. Defendants filed and served a Memorandum in Opposition to Plaintiffs' TRO Motion on January 19, 2026. Dkt. 33.  All parties appeared before the Court on the TRO Motion on January 26, 2026. Dkt. 119.

Defendants moved to dismiss the original Complaint on March 16, 2026. Dkt. 157. Plaintiffs filed an Amended Complaint as of right on April 20, 2026. Dkt. 167. The Amended Complaint was timely by stipulated order of the Court. Dkt. 166.  Defendants' deadline to answer or respond to the Amended Complaint is May 20, 2026. Dkt. 168.

Defendants have informed Plaintiffs they intend to move to dismiss the Amended Complaint and move to stay discovery pending resolution of that motion. Plaintiffs will oppose both motions.

Plaintiffs have no present intention to amend their pleadings.

(d)  Other Fact Discovery.

Plaintiffs understand Defendants' position to be that discovery should be stayed pending resolution of their motion to dismiss. Citing this position, Defendants have refused to discuss any aspect of the case's schedule, and have refused to participate in preparing this report.

Plaintiffs recommend that the Court establish the following fact discovery deadlines and limitations:

(1) Deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1): July 31, 2026.

(2) Deadline for the exchange of documents identified by each party's Rule 26(a)(1) initial disclosures: July 31, 2026. Defendants' initial disclosures shall include all documents comprising the "administrative record" for the final agency decisions identified in the operative complaint.

(3) Interim deadline if any for the substantial completion of document production to facilitate the scheduling and taking of depositions: <u>February 1, 2027</u>.

(4) Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6): <u>April 14, 2026</u>.

Any notice of 30(b)(6) deposition must be served at least <u>30</u> days before the scheduled deposition date.

(5) Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35
<u>Not applicable</u>.

(6) Deadline for the close of all fact discovery [the parties must commence fact discovery in time to be completed by the following deadline]: <u>May 14, 2027</u>.

(7) The Court shall permit the use and numbers of discovery procedures per side as follows:

(A) <u>75</u> interrogatories;

(B) <u>75</u> document requests;

(C) <u>75</u> requests for admissions;

(D) <u>30</u> fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions);

(8) The parties have discussed the need for mental or physical examinations under Fed. R. Civ. P.35 and agree to the following [number and type of examinations]:

(e) Expert Discovery.

(1) Plaintiffs anticipate that they will require expert witnesses at the time of trial.

(A) Plaintiffs anticipate calling 6 experts in the fields of: legal history, economic harm, statistical research, Defendants' policies identified in the operative Complaint, and law enforcement practices, including immigration enforcement.

(B) Defendants refused to participate in preparing this report and so have not identified any experts that they anticipate calling at the time of trial.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which a party has the burden of persuasion, or in a party's primary case (irrespective of burden), must be disclosed on or before May 28, 2027.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before June 30, 2027.

(B) Rebuttal experts.

(i) Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before July 30, 2027.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before August 30, 2027.

(C) All expert discovery must be completed by September 30, 2027.

(f)    Other Discovery Issues.

Defendants have refused to participate in the preparation of this report, so Plaintiffs have not had the opportunity to discuss their position on ESI discovery, preservation of discoverable material, the need for a protective order, treatment of privilege, or expectation for claims for attorney's fees. In failing to participate, Defendants should be held to waive any objection to Plaintiffs' proposals below. Plaintiffs make the following proposals on these topics.

(1) Discovery of Electronically Stored Information (ESI).

Plaintiffs propose the following:

6

The Court should order the Parties to meet and confer by July 15, 2026 to discuss their plan or formal protocol for ESI discovery and to present any disputes regarding an ESI discovery plan and protocol to the Court by July 31, 2026.

(2) Protective Order.

Plaintiffs propose the following:

The Court should enter a protective order to govern discrete categories of discoverable material in this case. Plaintiffs propose that the Court order the parties to meet and confer regarding the need for a protective order by July 15, 2026 and to present any disputes regarding the proposed protective order to the Court by July 31, 2026. No protective order may purport to authorize filing documents under seal except as permitted under LR 5.6. No protective order may include language purporting to obligate the Court to destroy or return confidential documents to the parties after the conclusion of the case.

(3) Claims of Privilege or Protection.

Plaintiffs propose the following:

The Court should order the parties to meet and confer regarding the need for an order pursuant to Fed. R. Evid. 502(d) by July 15, 2026 and to present any disputes regarding the proposed protective order to the Court by July 31, 2026.

(4) Attorney's Fees.

Plaintiffs do not anticipate making a claim for attorney's fees at this time. Defendants have no basis to seek attorney's fees.

(g)    Proposed Motion Schedule.

Plaintiffs propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by January 29, 2027.

(2) Motions seeking to amend the pleadings must be filed and served by January 29, 2027.

(3) Non-dispositive motions related to expert discovery must be filed

7

and  served  by September 30, 2027.

(4) Other non-dispositive motions, including motions related to fact discovery, must be filed and served by June 14, 2027.

(5) All dispositive motions must be filed and served  by October 29, 2027. The Plaintiffs may file an early summary judgment motion on some claims without waiving their ability to file a second motion on their remaining claims.

(h)    Trial.

(1) Plaintiffs propose a trial-ready date of January 28, 2028.

(2) Plaintiffs anticipate that a bench trial will take 20 days.

(i)    Insurance Carriers/Indemnitors.

Not applicable.

(j) Settlement.

(1) Plaintiffs are willing to discuss settlement before the initial pretrial conference by Plaintiffs making a written demand for settlement and each Defendant making a written response/offer to the Plaintiffs' demand.

(2) Plaintiffs propose that a settlement conference be scheduled to take place before the date of trial.

(3)  Because Defendants have refused to participate in preparing this report, the parties have not discussed their views on alternative dispute resolution. Plaintiffs are willing to discuss the efficacy of court-ordered mediation of this matter.

(k) Trial by Magistrate Judge.

The Parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

KEITH ELLISON
Attorney General
State of Minnesota

Date:  May 27, 2026          /s/ Brian S. Carter
                             BRIAN CARTER

8

Special Counsel
Atty. Reg. No. 0390613
445 Minnesota Street, Suite 600
St. Paul, MN 55101-2125
(651) 300-7403 (Voice)
(651) 282-5832 (Fax)
Brian.Carter@ag.state.mn.us

*Attorneys for Plaintiffs*


MINNEAPOLIS CITY ATTORNEY'S OFFICE
Kristyn Anderson, City Attorney

*/s/  Sara J. Lathrop*
KRISTYN ANDERSON (0267752)
HEATHER P. ROBERTSON (0390470)
Assistant City Attorney
SARA J. LATHROP (0310232)
Assistant City Attorney
KIRSTEN H. PAGEL (0399114)
Assistant City Attorney
ADAM E. SZYMANSKI (0397704)
Assistant City Attorney
MICHAEL A. BREY (#0398620)
Assistant City Attorney
350 South Fifth Street
Minneapolis, MN 55415
Tel: 612-673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
heather.robertson@minneapolismn.gov
kirsten.pagel@minneapolismn.gov
adam.szymanski@minneapolismn.gov
michael.brey@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*


IRENE KAO
City Attorney
*By: /s/ Kelsey McElveen*
KELSEY MCELVEEN (0396744)

9

Assistant City Attorney
ALEXANDER HSU (0399275)
Assistant City Attorney
15 W. Kellogg Blvd., #400
Saint Paul, MN 55102
Tel: 651-266-8710
Kelsey.mcelveen@ci.stpaul.mn.us
Alexander.hsu@ci.stpaul.mn.us

*Attorneys for Plaintiff City of Saint Paul*

10