UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

STATE OF MINNESOTA, *by and
through its Attorney General Keith Ellison*,
CITY OF MINNEAPOLIS, and
CITY OF ST. PAUL,

      Plaintiffs,

v.

MARKWAYNE MULLIN, *in his official capacity
as Secretary of the U.S. Department of
Homeland Security*; STEPHEN MILLER, *in his
official capacity as Homeland Security Advisor*;
JOHN CONDON, *in his official capacity as Acting
Executive Associate Director of Homeland Security
Investigations*; U.S. Department of Homeland
Security; TODD LYONS, *in his official capacity as
Acting Director of U.S. Immigration and Customs
Enforcement*; MARCOS CHARLES, *in his official
capacity as Acting Executive Associate Director,
Enforcement and Removal Operations*;
U.S. Immigration and Customs Enforcement;
RODNEY SCOTT, *in his official capacity as
Commissioner of U.S. Customs and Border
Protection*; U.S. Customs and Border Protection;
TOM HOMAN, *in his official capacity as Border Czar*;
GREGORY BOVINO, *in his official capacity
as Commander of the U.S. Border Patrol*; U.S. Border
Patrol; DAVID EASTERWOOD, *in his official
capacity as Acting Director, Saint Paul Field Office,
U.S. Immigration and Customs Enforcement*,

      Defendants.

Case No. 0:26-cv-00190-KMM-DJF

**DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER
ON THE MOTION TO STAY
DISCOVERY**

_____

## INTRODUCTION

To obtain discovery in federal court, a plaintiff must plausibly allege jurisdiction and at least one viable claim.  Plaintiffs in this case have done neither.  At the threshold, Plaintiffs seek forward-looking relief yet fail to plausibly allege any forward-looking harm.  Operation Metro Surge is over, and Plaintiffs cannot show a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983).  And on the merits, Plaintiffs' claims—mostly a mix of novel constitutional claims and Administrative Procedure Act (APA) claims without reviewable agency action—fare no better.  So, Defendants moved to dismiss.  And when Plaintiffs attempted to start discovery, Defendants moved for a stay pending resolution of the motion to dismiss.  Given Defendants' strong arguments on both jurisdiction and the merits, the lopsided balance of harms, and the resource drain and inefficiency that pre-resolution discovery would cause, a stay should have followed.  Indeed, the Supreme Court has made clear that the adjudication of threshold issues should come before the start of discovery when, as here, the threshold issues will likely eliminate the need for discovery.

Instead, the Magistrate Judge allowed for early discovery.  Even though Plaintiffs expressly *disclaimed* the need for discovery to resolve the motion to dismiss, which will be adjudicated based on the four corners of the amended complaint, the Magistrate Judge authorized discovery into "[i]ssues that might inform the parties' positions in the Motion to Dismiss."  Doc. 198 at 1.  And despite Defendants' counsel's assurances that they ensured the issuance of proper hold notices, the Magistrate Judge also allowed discovery into "[i]nformation with a high risk of dissipation over time." *Id.*  These conclusions,

1

especially in the light of the meritorious threshold issues, are contrary to law.  Accordingly, this Court should set aside the Magistrate Judge's order and stay discovery.

## BACKGROUND

Plaintiffs initiated this case in early January amidst Operation Metro Surge (OMS). Doc. 1.  In late January, this Court denied Plaintiffs' motion for a preliminary injunction, which was aimed at "halting" OMS.  *See Minnesota v. Noem*, 818 F. Supp. 3d 1030 (D. Minn. 2026).  Defendants later moved to dismiss the complaint.  Docs. 157, 158.  In response, after OMS came to an end, Plaintiffs amended their complaint.  Doc. 167 (Am. Compl.).  Defendants moved to dismiss this amended complaint on May 20.  *See* Docs. 174, 175.

The day before, on May 19, Plaintiffs propounded sixteen (16) requests for production (including subparts).  The overbroad requests largely mirror the same requests that the Magistrate Judge rejected in response to Plaintiffs' motion for expedited discovery. Among other requests, Plaintiffs sought:

- "All documents that provide the justifications for or describe the objectives of Operation Metro Surge, including any memoranda, communications, including deployment communications, or training materials";

- "All documents and communications that provide or set forth the legal, statutory, regulatory, and constitutional authority to execute Operation Metro Surge"; and

- For the time period December 1, 2018, until the present, "[a]ll documents and communications regarding the [eleven] final agency actions alleged in the First Amended Complaint."

Doc. 187-2 at 8-11.

Defendants then moved to stay discovery pending resolution of the motion to dismiss. Docs. 186, 187. After oral argument, *see generally* June 22 Hr'g Tr. (Hr'g Tr.), the Magistrate Judge granted in part and denied in part the motion. Despite Plaintiffs' statement that, at least with respect to their APA claims, they "do not need . . . discovery to defeat Defendants' motion to dismiss," Doc. 195 at 38 n.9, the Magistrate Judge authorized "early discovery" into "[i]ssues that might inform the parties' positions in the Motion to Dismiss," and "[i]nformation with a high risk of dissipation over time," Doc. 198 at 1-2.

## <u>LEGAL STANDARD</u>

Reversal of a magistrate judge's decision on a pretrial matter is warranted if "the ruling is clearly erroneous or contrary to law." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017); *see* 28 U.S.C. § 636(b)(1)(A). A ruling is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). And a decision is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (quotation omitted)).

3

**ARGUMENT**

This Court should overturn the Magistrate Judge's order allowing for early discovery. The Magistrate Judge allowed for discovery that Plaintiffs expressly disclaimed the need for and in contravention of the well-established rule that a plaintiff must state a plausible claim before proceeding to discovery. Beyond that, the Magistrate Judge failed to follow precedent requiring a stay of discovery in the light of threshold challenges and forbidding extra-record discovery on APA claims absent findings that the Magistrate Judge did not, and indeed could not, make. Finally, the Magistrate Judge erred in allowing discovery based on innuendo as to spoliation and despite Defendants' assurances to the contrary.

**I.    The Magistrate Judge's Order is Contrary to Law Given Pending Threshold Issues.**

The Supreme Court's decision in *In re United States,* 583 U.S. 29 (2017) (per curiam) provides federal courts with a clear roadmap of how to handle discovery in the light of threshold arguments. Although Defendants cited this case and discussed it in detail in the motion to stay, neither the Magistrate Judge nor Plaintiffs addressed it. There, the Supreme Court was confronted with a lower court order requiring the Government to disclose numerous documents in an APA case, entered prior to the lower court's resolution of the Government's threshold APA and jurisdictional dismissal arguments. The Supreme Court held that the district court should have "first resolved the Government's threshold arguments" before ordering disclosure, because "those [threshold] arguments, if accepted,

likely would eliminate the need for" such disclosure. *In re United States*, 583 U.S. at 31-32.

Here, the same is true. Defendants have multiple threshold arguments which, if accepted, would eliminate the need for discovery in this case. For example, Plaintiffs' challenges arise from Operation Metro Surge, yet they filed their amended complaint *after* Operation Metro Surge concluded. *See* Doc. 187 at 7. Because federal courts must "look to the amended complaint to determine jurisdiction," *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025); *see Pendarvis v. Wilson*, No. 24-6654, 2026 WL 371143, at *2 n.3 (4th Cir. Feb. 10, 2026), Plaintiffs, to have standing, must plausibly allege in the amended complaint each of the three elements—injury, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And because Plaintiffs seek forward-looking relief in the form of vacatur, a permanent injunction, and a declaratory judgment, Am. Compl. at 174-176, they must plausibly allege "a likelihood of *future* injury," *Huizenga v. Indep. Sch. Dist. No. 11*, 149 F.4th 990, 996 (8th Cir. 2025) (declaratory and injunctive relief) (emphasis added); *see Pennsylvania v. Trump*, 795 F. Supp. 3d 607, 628 (E.D. Pa. 2025) (vacatur).[1]

Plaintiffs fail to plausibly allege "a substantial risk that, in the near future, they will suffer an injury that is traceable to a Government defendant and redressable by the

---

[1] Plaintiffs contend that past injury is all that is needed to have standing to seek vacatur. Doc. 195 at 12. Not so. *Brennan v. Dickson*, 45 F.4th 48 (D.C. Cir. 2022), the case Plaintiffs cite, does not hold otherwise. There, the D.C. Circuit did not address whether vacatur could redress a past injury (it cannot) and simply noted in a single sentence that the petitioner had not shown that the challenged rule "either harmed him or imminently will do so." *Id.* at 54.

injunction they seek." *Murthy v. Missouri*, 603 U.S. 43, 49-50 (2024); *see* Doc. 175 at 29-33. Dismissal of the amended complaint should therefore follow, and the need for any discovery will be eliminated. But although promising only to take a "peek" at the merits, *Danger v. Nextep Funding, LLC*, No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at *3 (D. Minn. Jan. 22, 2019), a standard that merely requires an assessment of whether there is "a mere possibility" of success, the Magistrate Judge rejected Defendants' standing arguments outright in cursory fashion, Hr'g Tr. at 44:16-24. Despite *Royal Canin*'s focus on the amended complaint for jurisdictional purposes and Plaintiffs' filing of their amended complaint after the end of Operation Metro Surge, the Magistrate Judge concluded that mootness was the proper lens with which to consider the impact of Operation Metro Surge's end and then concluded that the case was not moot. Hr'g Tr. at 44:22-45:16. This jurisdictional analysis is contrary to established law, and it also led to a mistaken result under *In re United States*, which is clear that threshold issues should be definitively resolved before discovery can proceed.

Because Defendants will raise its threshold defenses in response to any discovery request, the Magistrate Judge's failure to heed the lesson of *In re United States* will lead to inefficiency and a wasting of resources. *See Danger*, 2019 WL 4917181, at *5 (concluding that a stay is warranted when motions to dismiss were pending that were "primarily based on arguments that Plaintiff lacks standing to pursue her claims, and therefore, this Court lacks the subject matter jurisdiction to adjudicate those claims"). The Supreme Court has made clear that, without jurisdiction, the only task for the Court is to dismiss the case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("Without jurisdiction the court

6

cannot proceed at all in any cause." (quotation omitted)). The "first and fundamental question" in every case "is that of jurisdiction"—a "requirement that . . . as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* at 94-95 (quotations omitted and alteration adopted). Accordingly, a brief stay of discovery while the Court resolves the jurisdictional issues in this case is appropriate to prevent unnecessary expenditure of substantial resources, both for the Court and the litigants. At best, this Court will need to evaluate Defendants' jurisdictional and merits arguments twice, both in connection with likely discovery disputes and the motion to dismiss. *See Danger*, 2019 WL 4917181, at \*5 (concluding that if a stay of discovery is denied, "the undersigned would be compelled to reach a decision of the issue of whether Plaintiff has Article III standing to pursue her claims before addressing the merits of any potential discovery dispute" and such a result "would lead to a waste of judicial resources because the issue of whether or not Plaintiff possess the requisite Article III standing is already pending before" the district judge). At worst, all of that motions practice and the other burdens of discovery will have been wholly unnecessary. In either scenario, it is far more efficient for both the parties and the Court simply to stay discovery pending resolution of the motion to dismiss.

The Magistrate Judge's error is doubly problematic because it appears to sanction discovery regarding Plaintiffs' APA claims, even though, absent the applicability of rare exceptions, "judicial review under the APA is limited to the administrative record that was before the agency when it made its decision," *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004), and even though this Court has not yet determined whether

Plaintiffs have plausibly alleged agency action reviewable under the APA, *see* Doc. 178 at 48-66; *Alsaidi v. U.S. Dep't of State*, 292 F. Supp. 3d. 320, 328 (D.D.C. 2018) ("Plaintiff cannot use the APA to justify a fishing expedition for evidence that defendants" have a "policy that plaintiff believes exists."). Further, the final agency action requirement is a pleading requirement in the Eighth Circuit, not a jurisdictional element, so it was clear error for the Magistrate Judge to authorize such discovery based on the mistaken reasoning that the discovery was necessary to address the motion to dismiss. *See Iowa League of Cities v. EPA,* 711 F.3d 844, 863 n.12 (8th Cir. 2013) (stating that "the APA's requirements are part of a party's cause of action and are not jurisdictional").

The Magistrate Judge's concerns about the dissipation of evidence do not supply a reason to reach a different result than the one reached in *In re United States*. As relayed to Plaintiffs and in line with the Magistrate Judge's order, Defendants' counsel has ensured the issuance of all proper litigation holds. This step is sufficient to ensure that, if this Court denies the motion to dismiss, potentially relevant materials are preserved for discovery. The further step of allowing for immediate discovery on this basis is entirely unwarranted, especially in the light of Defendants' threshold arguments.

## II. The Magistrate Judge's Order Contravenes the Party Presentation Rule.

"Federal courts adhere to the principle of party presentation." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026). Parties "frame the issues for decision" and courts decide "only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (quotation omitted)). Thus, a federal court

errs when it "decide[s] a case different from the one" the parties "advanced." *Margolin*, 146 S. Ct. at 1288 (quotation omitted); *accord, e.g.*, *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney never asserted and that the State never had the chance to address.").

In authorizing early discovery into issues related to the motion to dismiss, the Magistrate Judge ran afoul of the party presentation principle. In response to Defendants' motion, Plaintiffs argued that "the merits of Defendants' motion to dismiss is not based on substantial grounds," and provided over twenty pages of explanation as to why they thought the motion to dismiss would fail. Doc. 195 at 2, 6-30. Doubling down, Plaintiffs later expressly stated that they did "not need the discovery to defeat Defendants' motion to dismiss."[2] *Id.* at 38 n.9; *see* June 22 Hr'g Tr. at 39:4-9.

Despite this statement, the Magistrate Judge later authorized this very discovery. In other words, the Magistrate Judge, rather than proceed on "the premise that parties represented by competent counsel know what is best for them," *Sineneng-Smith*, 590 U.S. at 375 (quotation omitted), granted discovery for which Plaintiffs did not ask. In doing so, the Magistrate Judge decided a question—whether discovery related to the motion dismiss is warranted—that Plaintiffs never presented and in a way that prejudiced Defendants. Because the Magistrate Judge's failure to apply the party-presentation rule is contrary to law, *see Margolin*, 146 S. Ct. at 1288 ("The Fourth Circuit violated the party-presentation principle when it decided a case different from the one respondent advanced." (alteration

---

[2] This statement came in the context of Plaintiffs' discussion of their APA claims, but nowhere did Plaintiffs affirmatively ask for discovery related to the motion to dismiss.

adopted and quotation omitted)), this Court should overturn the Magistrate Judge's allowance of early discovery into issues related to the motion to dismiss.

### III. Discovery Related to the Motion to Dismiss is Unnecessary and Irrelevant.

The Magistrate Judge's decision is also contrary to law because it contemplates that Plaintiffs can use discovery to support their arguments in opposition to the motion to dismiss. This is wrong. It is well-established that, when "considering a motion to dismiss," a court is "limited to the four corners of a plaintiff's complaint." *Nare v. Omaha Discovery Tr.*, No. 25-3175, 2026 WL 1813510, at *3 (8th Cir. June 24, 2026) (published); *see Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (explaining that courts, when considering a "motion to dismiss," generally "must ignore materials outside the pleadings"). Thus, in opposing the motion to dismiss, Plaintiffs may generally rely only on the allegations in their complaint. But, for an unexplained reason, the Magistrate Judge authorized discovery for the purpose of informing the motion to dismiss. In doing so, the Magistrate Judge impermissibly put the cart before the horse. *See Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) ("In order to proceed to discovery, a plaintiff must state a claim to relief that is plausible on its face.") (quotation omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (explaining that the plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the alleged misconduct).

To be sure, jurisdictional discovery is sometimes allowed at the motion-to-dismiss stage. But to the extent that the Magistrate Judge's order contemplated jurisdictional

discovery, *see* Hr'g. Tr. at 11:12-13, it remains erroneous.  For one, even if the Magistrate Judge meant to authorize jurisdictional discovery, her authorization is much broader.  Thus, at a minimum, this Court should narrow the order.  But more broadly, no jurisdictional discovery is currently warranted.  *See id.* at 11:24-12:15.  There are no "disputed jurisdictional facts" that need to be resolved to adjudicate the motion to dismiss.  *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quotation omitted)); *see Beck v. United States*, 125 F.4th 887, 892 (8th Cir. 2025) ("Additional jurisdictional discovery is not needed if the facts necessary to resolving the jurisdictional inquiry are known and undisputed. (quotation omitted)").  Instead, this Court can decide the motion to dismiss based exclusively on Plaintiffs' allegations, which recognize the drawdown of federal agents pursuant to the end of Operation Metro Surge.  *See* Am. Compl. ¶ 480; *see also Tincher v. Mullin*, No. 25-cv-04669 (KMM/DTS) (ECF No. 272) (ordering Plaintiffs to "respond to the Motion to Dismiss without additional jurisdictional discovery" and addressing the issue jurisdictional discovery at the hearing on the motion to dismiss).  The Magistrate Judge did not find otherwise.

Also, there is the problem that Plaintiffs did not meet their burden of explaining the need for jurisdictional discovery.  *See Johnson*, 534 F.3d at 965 (explaining that, to request discovery of jurisdictional facts, a "party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them;

11

and (4) why the affiant's efforts were unsuccessful."); *cf. supra* at 8-10.[3]  For all these reasons, even if the Magistrate Judge meant to authorize jurisdictional discovery, her order is contrary to law.

The Magistrate Judge's order also makes no procedural sense.  Plaintiffs filed their amended complaint months ago and just last week filed their response to the motion to dismiss.  *See* Doc. 202.  Therefore, from a timing perspective, no early discovery can be used to "inform" Plaintiffs' positions on the motion.  This too presents a reason to overturn the Magistrate Judge's order.

## CONCLUSION

For these reasons, this Court should overturn the Magistrate Judge's order and stay discovery pending resolution of the motion to dismiss.

---

[3] At the hearing, Plaintiffs claimed that they were seeking "jurisdictional discovery." Hr'g Tr. at 33:25-34:3.  But this claim is not supported by Plaintiffs' briefing; indeed, the only time the phrase appears is a parenthetical at the end of a long string cite.  Doc. 195 at 37.  Although Plaintiffs claimed that they sought discovery related to "standing," *id.* at 31, nowhere did Plaintiffs affirmatively request jurisdictional discovery or comply with the Eighth Circuit's prerequisites.  Accordingly, because Plaintiffs made their argument for the first time at oral argument, it is procedurally barred.  *See Twin Cities Galleries, LLC v. Media Arts Grp., Inc.*, 476 F.3d 598, 602 n.1 (8th Cir. 2007) ("Because this point was raised for the first time at oral argument, and has not been briefed, it is waived.").

12

Dated: July 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

/s/ Brantley T. Mayers
BRANTLEY T. MAYERS (FL#1039996)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 890-9874
brantley.t.mayers@usdoj.gov

ANDREW WARDEN
Assistant Director
LEE REEVES
Trial Attorney
Civil Division, Federal Programs Branch

*Counsel for Defendants*